## MILLER v STAMBAUGH-THOMPSON COMPANY

Ohio Appeals, 7th Dist, Mahoning Co.

No. 2644. Decided April 24, 1940.

Thombs & Yonkee, Youngstown, for appellee.

David Haynes, Youngstown, for appellant.

SHERRICK, PJ. and MONTGOMERY, J., (5th Dist), and ROSS, J. (1st Dist), sitting by designation).

**OPINION**

By ROSS, J.

Appeal on questions of law from a judgment of the Court of Common Pleas of Mahoning County, wherein the plaintiff was awarded a verdict of $5,000.00 for injuries received by her when she fell down a flight of steps in a building owned by the defendant, no hand rail having been provided along such stairway, contrary to the provisions of §1006 GC.

The evidence of the plaintiff and the defendant is in sharp conflict as to just what occurred at the time the injuries were receiver by plaintiff.

It appears that the stairway in question consisted of some six or seven steps leading up from a platform, just inside the rear door of the building in question, to a room used by a tenant of the defendant as a beauty parlor, to which the plaintiff was proceeding as a patron.

The evidence incidentally shows that immediately after the accident she was attended by one of the employees of the parlor and received the services for which she came.

The plaintiff states that she had been, immediately preceding her call at the parlor, subject to dizzy or fainting spells, that she parked her car in the rear of the building and hurried in through the rear door, started to ascend the steps in question, when, becoming dizzy, she reached for the hand rail, and, by reason of its absence, fell backward down the steps and was injured. The evidence of the defendant develops that the plaintiff ascended the steps and, after reaching the floor of the room, stood on one foot and endeavored to remove one of her overshoes, lost her balance, and toppled back down the steps.

It cannot be gainsaid that the defendant is guilty of negligence as a matter of law in not complying with the provisions of §1006 GC, and providing a handrail for the steps in question. However, this situation does not in itself include any presumption either of fact or law that such negligence was the proximate cause of an injury occurring in the stairway. 29 O. Jur. 654; Flamm v Coney Island Co., 49 Oh St 122; Wartik et v Miller, Admx., 48 Oh Ap 494; Smith v Zone Cabs, etc., 135 Oh St 415. Whether or not such injuries would have been incurred if a hand-rail were present is a matter of the purest speculation. As far as the record in this case is concerned the jury must have resorted to speculation in order to have found that the absence of the hand-rail was the proximate cause of plaintiff's injuries. We do not overlook the statement of the plaintiff that she reached for the rail. However, in view of the fact that the plaintiff was a frequent patron of the premises and must be presumed to be, therefore, familiar with them and thoroughly cognizant of the fact that no rail was there, we are compelled to discount her statement accordingly. Slight as this evidence of the plaintiff is, it is enough to prevent our here rendering judgment for the defendant.

It is our conclusion, therefore, that the judgment shall be reversed, the verdict being contrary to the manifest weight of the evidence, and a judgment may be presented accordingly.

SHERICK, PJ & MONTGOMERY, J., concur.