WESTON, APPELLEE, *v.* DAVID, APPELLANT.

(No. 7838—Decided April 26, 1954.)

*Mr. S. Arthur Spiegel,* for appellee.
*Messrs. McIntosh & Moore,* for appellant.

MATTHEWS, P. J.  A rubber mat slipped from the stair tread when the plaintiff, appellee herein, stepped upon it on her way down the stairs and she was caused to fall to the floor at the bottom of the stairs, by reason of which she received physical injuries.  She in-

stituted this action to recover damages on account of such injuries. The issues of fact were submitted to a jury which returned a verdict in her favor. The court overruled defendant's motions for an instructed verdict, for judgment, and for a new trial, and entered judgment on the verdict. This appeal is by the defendant from that judgment.

It appears from the evidence that sometime prior to October 1949 the defendant became the owner of a two-story residence on Alaska Court, Cincinnati, Ohio. It seems to have been planned for occupancy by one family only, and was being so occupied at the time defendant purchased it. Sometime thereafter, defendant made certain alterations on the second floor so that it could be occupied as a separate unit. She installed a stove, sink, refrigerator, table, and other kitchen utensils in one of the rooms, and a couch, chairs, and other furniture in the other room, so that the second story could be considered a fully equipped two-room apartment, excepting linen, dishes, and silverware, and also excepting a bathroom. There was only one bathroom in the building, and that was on the first floor across a small vestibule at the bottom of the stairs leading to the second floor, down which stairs the plaintiff fell. Other than from this stairway, this vestibule could be entered either through the outside door, or from the rooms on the first floor through a door opposite the outside door, or through a door leading therefrom into the bathroom and from .thence into the vestibule. Outside the two rooms on the second floor there was storage space between the room walls and the outside walls of the building, which could be entered through small doors in closets in each of the rooms.

Prior to the plaintiff's occupancy of the two rooms on the second floor, they had been occupied by one

Skinner, who had left some dishes and a few things of negligible value in the storage space.

About November 1, 1949, plaintiff learned through a notice in a newspaper that there was space available for occupancy at this place on Alaska Court and she and her husband went there to inquire about and inspect the premises. They met the defendant and her husband there and they went up the stairs and looked in the rooms. That they conversed and reached an agreement is clear, but little, if any, of the conversation appears in the record. No written agreement or lease was executed. That the plaintiff and her husband were to have the occupancy of the two furnished rooms on the second floor and the use of the stairs to reach them and the nonexclusive use of the bathroom on the first floor for a consideration of $50 per month is conceded. The plaintiff was furnished with a key to the outside door at the foot of the stairs and could thereby exclude those on the outside from the building, but there was no means provided for excluding those within the building from the rooms on the second floor. So far as the record shows, the stairway was not discussed, although it is manifest that the plaintiff had a right to use it while she occupied the two rooms.

The plaintiff and her husband moved into these two rooms on the second floor on or about November 20, 1949, and the accident occurred on or about December 10, following. During that time, the defendant and her husband occupied the first floor rooms and all the parties made common use of the bathroom. Also, during that time, the defendant entered the storage space on the second floor through one of the rooms to get some dishes or other articles that had been left there by the former tenant. No objection or protest was made to her doing so.

It would be difficult—perhaps impossible—to place all the rights and duties of these parties to this transaction in a single bundle and in a single legal category. As to the rooms themselves (apart from the admission in the answer), there is some doubt as to whether the relation of landlord and tenant or that of lodger and roomer was created. As to the bathroom, was the relation that of tenants in common, or that of licensor and licensee? The same uncertainty exists as to the stairway where this accident happened.

However, for the purposes of this case, we are not required to determine these different questions. No matter what conclusion might be reached as to the legal category into which the relation of the parties falls, it would include the finding that the defendant for a consideration gave the plaintiff the right to use this stairway. At least, the plaintiff was an invitee, toward whom the defendant owed the duty to exercise ordinary or reasonable care for her safety.

It is said in 29 Ohio Jurisprudence, 466, Section 61:

"One who expressly or by implication invites others to come upon his premises must exercise ordinary care to guard them against danger, and to that end he must exercise ordinary care to render the premises reasonably safe for the invitees. He must use ordinary care in keeping his premises free from dangers which are not discernible by a prudent person, using ordinary care, under the circumstances."

(1) The first contention of the defendant is that there is no evidence that she retained control. We are unable to agree with defendant on this point. As owner, she had possession of this stairway as an incident of such ownership, unless she had divested herself thereof by transferring to another some present possessory title. If she had done so, she would there-

by have lost the right to invade that possession. What does the record show on this subject?

It strikes one at once that there is no word indicating an intent to convey the possession. If we are to find that a transfer took place, it must be by implication. The only evidence from which such an inference could be drawn is the fact that the defendant for $50 per month leased or gave the plaintiff the right to occupy the two rooms on the second floor, to reach which this stairway was the only means provided. From that fact the conclusion can be drawn that the plaintiff was granted the right to use the stairway as a means of access to the second floor, but it furnishes no basis for an inference that the defendant was excluded from its use.

On the other hand, it appears that shortly before this arrangement was made with the plaintiff and under similar circumstances, the defendant had repaired this stairway, which act was inconsistent with the conclusion that the occupancy of the two rooms on the second floor carried with it by implication the exclusive possession of the stairway. Immediately after this accident, upon being notified, the defendant proceeded to repair the defect without any disclaimer of a duty so to do, which duty could only exist under the circumstances of this case by virtue of retention of possession by the defendant.

Then there was the evidence relating to the storage rooms on the second floor. It does not appear that any other storage rooms were provided for the occupants of the first floor, and it does appear that there were some articles stored therein, and that the defendant, during the plaintiff's occupancy of the two rooms, entered the storage rooms and removed some of the articles.

Also, the indefiniteness of the arrangement already

noted prevents a finding as a matter of law that the defendant transferred the exclusive possession of this stairway to the plaintiff.

The jury found on this issue in favor of the plaintiff. We cannot say that its finding is contrary to law or manifestly against the weight of the evidence.

(2) Next, it is urged that the court erred in refusing to give a special charge requested by defendant. It is stated in this special charge that if the plaintiff knew that there was no handrail and used the stairway notwithstanding, "then she was negligent," and, if such negligence contributed in the slightest degree to her injuries, she could not recover. Counsel rely on *Miller* v. *Stambaugh-Thompson Co.*, 32 Ohio Law Abs., 105, 34 N. E. (2d), 309, to support his position. We do not think it does so. In that case, the only defect relied on was the absence of a handrail. That was the only negligence alleged. The plaintiff was thoroughly familiar with the absence of a handrail. As to the cause of her fall, the evidence was conflicting. She testified that she became dizzy. Others testified that after reaching the top, she stood on one foot to remove an overshoe. What the court decided was that the finding that absence of the handrail was the cause of her fall was manifestly against the weight of the evidence and remanded the case for a new trial. The court did not hold that use of a stairway after knowledge that there was no handrail was negligence as a matter of law.

We find that the court did not err in refusing to give the special charge.

(3) Finally, it is urged that the court erred in its general charge. It is said that the court placed the burden of proof upon the defendant. The claim is predicated upon the following language in the general charge:

"If you should find by a preponderance of the evidence that the defendant did not retain and reserve control of the stairway and you also find that the defendant did not fail to do anything else which was incumbent upon her to do, then your verdict must be for the defendant."

An anlysis of this language discloses that in fact and in law it is not an incorrect statement. Of course, if the jury found by a preponderance of the evidence that defendant did not retain control of the stairway or fail in any other resrect in the performance of her duty, she was entitled to a verdict. The court did not say that only by a finding of a preponderance of the evidence in her favor was she entitled to a verdict. It stated one condition under which defendant was entitled to a verdict. It did not exclude other conditions.

In three special charges, the court properly defined the burden of proof and placed the burden upon plaintiff to prove the defendant negligent "by the greater weight of the evidence"—"by the preponderance of the evidence—" repeating the latter phrase twice, and in the general charge, the court instructed the jury in several places on this subject, as follows:

"In this case the plaintiff must prove her claim or contention by a preponderance of all of the evidence before she would be entitled to recover. By burden of proof is meant the duty of proving the facts in dispute on the issues raised between the parties.

"To make out a case of negligence against the defendant, the plaintiff must prove by a preponderance of all the evidence the want of ordinary care on behalf of the defendant. She must also prove that the want of such care, the negligence complained of was the direct and proximate cause of the injury and the damage she claims to have sustained.

"If you should find by a preponderance of the evi-

dence that the owner retained control of the stairway in this case, the plaintiff must prove by a preponderance of all of the evidence that the stairway upon which she claims to have fallen was not maintained in a reasonably safe condition and that such condition was the proximate cause of her injury before she would be entitled to recover from the defendant.

"If you should find by a preponderance of the evidence that the owner retained control of the stairway and that the stairway in question was not in a reasonably safe condition at the time the plaintiff claims she fell and that such condition was the proximate cause of the fall and any injury the plaintiff may have sustained by reason thereof, then your verdict must be for the plaintiff if the plaintiff was free from negligence on her part.

"If you should find by a preponderance of the evidence that the owner retained control and that the proximate cause of any fall or any injuries received by the plaintiff was the negligence of the defendant and the plaintiff was free from negligence then your verdict will be for the plaintiff."

We are of the opinion that the jury could not have been misled by the language complained of and, therefore, no prejudicial error was committed.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

Ross and HILDEBRANT, JJ., concur.